**Michael LINDEN, Petitioner,**

v.

**Christopher P. ARTUZ, Respondent.**

No. 97 Civ. 1125(BDP).

United States District Court,
S.D. New York.

Nov. 16, 1998.

Michael Linden, Stormville, NY, for pro se.

Joseph M. Latino, ADA, Westchester County District Attorneys Office, White Plains, NY, for Respondent.

### DECISION AND ORDER

PARKER, District Judge.

Michael Linden has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions in October 1986 in Westchester County Court on various controlled substance charges. After a jury trial, he was sentenced to 15 years to life for criminal sale of a controlled substance in the first degree with sentences on the other counts to run concurrently. The Second Department affirmed the conviction. *People v. Linden,* 150 A.D.2d 801, 542 N.Y.S.2d 40 (2d Dep't 1989). Linden did not seek leave to appeal to the Court of Appeals until January 1996, at which time his request was denied as untimely.

In this federal habeas Petition, Linden challenges his conviction on five grounds. First, he alleges a violation of his Sixth Amendment right to a speedy trial. Second, he claims violations of the Sixth Amendment's Confrontation Clause predicated on the admission of out-of-court statements of accomplices. Third, he alleges flaws in the jury selection process. Fourth, he complains of his improper expulsion from the courtroom, and finally, he claims ineffectiveness of counsel based on counsel's failure to object to the other four alleged constitutional violations.

Beginning in May 1990, Linden has filed no fewer than fifteen collateral motions, including ten motions to vacate his sentence under § 440.10 N.Y.Crim. Proc. Law. In addition, he has filed two writs of Coram Nobis to the Appellate Division, and various motions to renew, reargue or to reconsider these motions.

The matter was referred to the Honorable Lisa Margaret Smith, United States Magistrate Judge for a Report and Recommendation. In the Report dated October 9, 1998, Judge Smith recommended that the Petition be denied. Familiarity with that Report is assumed. On October 24, 1998, Linden filed objections to the Report. In view of the objections, the record is reviewed *de novo.* The Magistrate Judge concluded that Petitioner's claims were all procedurally barred since an independent, adequate state grounds existed for the state court determinations of the issues Linden seeks to raise in the Petition. *See Harris v. Reed,* 489 U.S. 255, 260–63, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). That procedural bar occurs when the "last court rendering a judgment clearly and expressly stated that its judgment rests on a state procedural bar" and precludes habeas relief unless the Petitioner shows cause for the default and resulting prejudice. *Gonzalez v. Sullivan,* 934 F.2d 419, 421 (2d Cir. 1991).

Linden's claims are subject to this procedural bar. The state court's September 13, 1995 decision disposing of Linden's tenth and final motion pursuant to C.P.L. § 440 expressly states that it rests on a state procedural bar. *See* Report and Recommendation at p. 7; *Harris,* 489 U.S. at 263, 109 S.Ct. 1038. As a consequence, Judge Smith concluded, as do we, each of the grounds Linden relies on is barred.

Linden argues that he is not barred, that he can establish cause and prejudice since his trial counsel and his appellate counsel were ineffective in failing competently to raise the issues that are the subject of this Petition. His objections do not, however, demonstrate that counsel's performance fell below the objective standard of reasonableness necessary to establish ineffective assistance of counsel, nor does he demonstrate that any such deficiencies (assuming they existed) resulted in an unreliable, fundamentally unfair outcome. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, this Court concludes that Linden's objections are without merit. They are overruled.

The Report and Recommendation of the Magistrate Judge is hereby approved and

adopted as the decision of this Court. Moreover, this Court determines that an appeal from this determination is without merit and a Certificate of Appealability will not issue. This Court further concludes that pursuant to 28 U.S.C. § 1915(a) appeal from this dismissal would not be taken in good faith. The Clerk of the Court shall issue a final judgment dismissing the Petition.

**SO ORDERED.**